IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSE FREELS, | * | |
|    Plaintiff | * | |
|       v. | * | Civil Action No. DKC-25-3378 |
| S. ELEE, | * | |
| GERALD EBISIKE, | | |
| C. EJOH, | * | |
|    Defendants | * | |

\*\*\*

## MEMORANDUM AND ORDER

The court received the above-entitled civil rights complaint filed pursuant to 42 U.S.C. § 1983 on October 16, 2025.  Plaintiff included a Motion to Proceed in forma pauperis supported by an institutional account statement indicating a zero balance in his account.  ECF No. 2.  His motion shall be granted.

Plaintiff asserts that the named defendants defamed his character when they charged him with multiple institutional rule violations and all of them were dismissed.  ECF No. 1 at 2.  The institutional disciplinary records submitted with the complaint show that multiple charges against Plaintiff were dismissed on different occasions by the Division of Correction's hearing officer for lack of evidence.  ECF No. 1-1.  Plaintiff seeks monetary damages of $980,000 from each of the defendants, $750,000 in damages from the State of Maryland, and a period of incarceration for the defendants for committing perjury.  ECF No. 1 at 3.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also*

*Lomax v. Ortiz-Marquez,* 590 U.S. ___, 140 S.Ct. 1721 (2020).  Defamation does not state a cognizable claim of constitutional dimension under 42 U.S.C. § 1983.  *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 691 n.19 (4th Cir. 2000); *Wildauer v. Frederick Cty.*, 993 F.2d 369, 373 (4th Cir. 1993) ("§ 1983 cannot be used as a vehicle for asserting a claim of defamation."); *Ca'Paldo v. Prez*, 836 F.2d 1342 (Table), *1 (4th Cir. 1988) ("Defamation by a state official, by itself, is insufficient to state a claim under 42 U.S.C. § 1983.").[1] To the extent that Plaintiff is alleging that the disciplinary charges against him somehow endangered his safety, he has not alleged such an injury and therefore has not stated a claim.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required to state a failure to protect claim)*; Siegert v. Gilley*, 500 U.S. 226, 234-35 (1991).  For these reasons, the complaint must be dismissed for failure to state a claim.

Accordingly, it is this 4th day of November, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The complaint IS DISMISSED for failure to state a claim; and

3. The Clerk SHALL PROVIDE a copy of this Memorandum and Order to Plaintiff and CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff is, of course, free to seek common law remedies in Maryland's state courts.  *See*, *e.g.*, *Jacron Sales Co., Inc. v. Sindorf*, 350 A.2d 688 (Md. 1976).